1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GERALD WILSON,                              No.  2:15-cv-0866-KJM-EFB P

12                  Plaintiff,

13          v.                                   <u>FINDINGS AND RECOMMENDATIONS</u>

14   J. PRICE, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  He alleges that defendant S. De La Cruz[1] (hereafter "defendant") violated his

19   Eighth Amendment rights by denying him a lower bunk assignment.  ECF No. 1 at 7-8.

20   Defendant has filed a motion to dismiss (ECF No. 19) arguing that plaintiff failed to exhaust his

21   administrative remedies before filing this suit.  Plaintiff filed a response (ECF No. 22), defendant

22   filed a reply (ECF No. 23) and, wanting to have the last word, plaintiff filed an unauthorized[2]

23   _____

24          [1] Plaintiff's complaint also named three other officials, but each was dismissed on
     screening.  ECF No. 11.

25          [2] Neither the Federal Rules of Civil Procedure nor this district's Local Rules entitle a party
26   to a surreply as a matter of right.  Instead, the Local Rules provide for a motion, a response in
     opposition to the motion, and a reply.  *See* E.D. Cal. R. 230(b)-(d).  The court may, in its
27   discretion, allow a surreply "where a valid reason for such additional briefing exists, such as
     where the movant raises new arguments in its reply brief."  *Hill v. England*, 2005 U.S. Dist.
28   LEXIS 29357, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005).  Defendant raised a new

                                                    1

1   surreply (ECF No. 24).  After review of the relevant pleadings, the court recommends that

2   defendant's motion to dismiss be denied.

3   **I.      Background**

4        Plaintiff arrived at Deuel Vocation Institution (hereafter "DVI") on September 30, 2014.

5   ECF No. 1 at 6.  He was transported to the housing unit where defendant informed him of his cell

6   assignment.  *Id*. at 7.  After realizing his assignment would require him to occupy an upper bunk,

7   he informed defendant that he suffered from a back injury which required assignment to a lower

8   bunk.  *Id*. at 7-8.  Plaintiff alleges that defendant declined to address the issue directly and told

9   him to work out bunk assignments with his new cellmate.  *Id*. at 8.  Plaintiff claims that he

10  attempted to do so, but quickly learned that his cellmate also had medical reasons requiring

11  assignment to a lower bunk.  *Id*.  Plaintiff resigned himself to the upper bunk and, the next

12  morning, sustained an injury when he slipped and fell while attempting to climb down.  *Id*.

13  Plaintiff now alleges that defendant violated his rights by failing to accommodate his need for a

14  lower bunk.  *Id*. at 10.

15       Plaintiff submitted a prison grievance appeal regarding the allegations relevant to this suit.

16  ECF No. 1, Ex. B at 5.  That appeal was denied at the first level of review.  *Id*.  Plaintiff pursued

17  his appeal to the second level of prison review and received a rejection on January 6, 2015.  *Id*. at

18  3.  The appeals coordinator noted that the appeal was rejected pursuant to California Code of

19  Regulations, Title 15, Section 3084.6(b)(13).[3]  *Id*.  Specifically, the appeal was determined to be

20  incomplete because plaintiff failed to complete section D of the 602 appeal form prior to

21  completing 602-A.  *Id*.  Plaintiff ultimately filed a corrected appeal response to this rejection, but

22  /////

23  /////

24  _____

25  argument in his reply, namely that plaintiff failed to administratively challenge the cancellation of
    his appeal (ECF No. 23 at 3), and the court will therefore exercise its discretion to consider the

26  surreply.

27       [3] This provision provides that an appeal may be rejected if "[t]he appeal is incomplete; for
    example, the inmate or parolee has not provided a signature and/or date on the appeal forms in the

28  designated signature/date blocks provided."  Cal. Code Regs. tit. 15, § 3084.6(b)(13).

1  prison officials did not receive it within the thirty day time limit allowed for resubmission. *Id*. at

2  2. Prison officials therefore cancelled the appeal pursuant to Title 15, section 3084.6(c)(4).[4] *Id*.

3  **II.     Legal Standards**

4        **A.       Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

5        A complaint may be dismissed under that rule for "failure to state a claim upon which

6  relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to

7  state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its

8  face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility

9  when the plaintiff pleads factual content that allows the court to draw the reasonable inference

10  that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

11  (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability

12  requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.

13  *Iqbal*, 556 U.S. at 678.

14        For purposes of dismissal under Rule 12(b)(6), the court generally considers only

15  allegations contained in the pleadings, exhibits attached to the complaint, and matters properly

16  subject to judicial notice, and construes all well-pleaded material factual allegations in the light

17  most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc*., 710

18  F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

19        Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal

20  theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co*., 710 F.3d

21  at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the

22  claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

23        Pro se pleadings are held to a less-stringent standard than those drafted by lawyers.

24  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as

25  true unreasonable inferences or conclusory legal allegations cast in the form of factual

26

27        [4] This provision provides that an appeal may be cancelled if "[t]ime limits for submitting
   the appeal are exceeded even though the inmate or parolee had the opportunity to submit within
28  the prescribed time constraints." Cal. Code Regs. tit. 15, § 3084.6(c)(4).

1     allegations. *See Ileto v. Glock Inc*., 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining*

2     *Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

3     **B.**       **Dismissal for Failure to Exhaust Administrative Remedies**

4     The Prison Litigation Reform Act of 1995 (hereafter "PLRA") states that "[n]o action

5     shall be brought with respect to prison conditions under section 1983 . . .  or any other Federal

6     law, by a prisoner confined in any jail, prison, or other correctional facility until such

7     administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The PLRA

8     applies to all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), but a prisoner is

9     only required to exhaust those remedies which are "available."  *See Booth v. Churner*, 532 U.S.

10     731, 736 (2001).  "To be available, a remedy must be available as a practical matter; it must be

11     capable of use; at hand." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (citing *Brown v.*

12     *Valoff*, 422 F.3d 926, 937 (9th Cir. 2005)) (internal quotations omitted).  If "a failure to exhaust is

13     clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Id*.

14     at 1166.

15     As with other Rule 12(b) motions, consideration of a motion to dismiss for failure to

16     exhaust should be confined to the face of the complaint.  Thus, dismissal for failure to exhaust

17     should generally be brought and determined by way of a motion for summary judgment under

18     Rule 56 of the Federal Rules of Civil Procedure unless it is clear from the complaint itself that the

19     claim is unexhausted.  *Albino*, 747 F.3d. at 1168.  Under this rubric, a Rule 12 motion tests the

20     sufficiency of facts alleged in the complaint, whereas a Rule 56 motion tests whether the evidence

21     is sufficient to establish genuine dispute over a given material fact.  But here, defendant has

22     raised by way of a Rule 12 motion an affirmative defense claiming that plaintiff has failed to

23     exhaust available administrative remedies.  Because this is an affirmative defense, it is the

24     defendant that bears the burden of pleading and proving that administrative remedies were

25     available and that the plaintiff did not exhaust those remedies.  *Id*. at 1172.  Yet, as discussed

26     below, neither the text of the complaint, nor its attachments, nor other documents incorporated by

27     the complaint demonstrates either element to establish this affirmative defense.

28     /////

1    **III.    Analysis**

2         Defendant argues that it is apparent from the face of the complaint that plaintiff did not

3    exhaust his administrative remedies before filing this suit.  Notably, the exhibits attached to

4    plaintiff's complaint indicate that his appeal was rejected at the second level for failure to

5    properly complete the appeal form and ultimately cancelled when prison officials did not receive

6    the corrected form within the thirty day deadline.  ECF No. 1-2 at 2-3.  By way of his opposition

7    plaintiff now claims that the actions of prison officials prevented him from meeting that deadline,

8    thereby rendering administrative remedies unavailable.  ECF No. 22 at 5-12.  Specifically, he

9    alleges that, after receiving the second level rejection dated January 6, 2015, he submitted his

10   corrected appeal to prison officials at Calipatria State Prison on January 22, 2015 – well within

11   the thirty day deadline.  *Id*. at 9.  He has attached an envelope to his opposition which purports to

12   show that his corrected appeal was mailed to DVI officials on January 25, 2015.  *Id*. at 16.

13   Plaintiff claims, however, that DVI officials returned the corrected appeal to him unopened "for

14   no reason" and he was forced to resubmit it, presumably explaining the delay.  *Id*. at 10.

15   Defendant addresses this contention in his reply and raises two countervailing arguments: (1) the

16   envelope submitted in support of plaintiff's opposition lacks foundation to support the contention

17   that it contained the corrected appeal and (2) plaintiff failed to challenge the cancellation of his

18   appeal by way of a new administrative grievance, as the cancellation notice suggested he could

19   do.  ECF No. 23 at 2-3.

20        The court is precluded from considering the envelope because it is outside the pleadings.

21   *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("In ruling on a 12(b)(6) motion, a

22   court may generally consider only allegations contained in the pleadings, exhibits attached to the

23   complaint, and matters properly subject to judicial notice.").  Irrespective of the envelope,

24   however, plaintiff alleges that he attempted to comply with the relevant administrative deadlines,

25   but was thwarted by prison officials when they returned his unopened grievance "for no reason."

26   ECF No. 22 at 9-10.  Defendant correctly points out that plaintiff did not actually include this

27   explanation for his failure to exhaust in his complaint (ECF No. 23 at 3), but prisoner complaints

28   /////

1  are not required to plead exhaustion.  *Jones*, 549 U.S. at 216.  Thus, it is not clear from the face of

2  the complaint that this claim is unexhausted and dismissal on this basis is unwarranted.

3      Defendant's second argument – that plaintiff should have administratively appealed his

4  cancellation – is also unavailing.  To be sure, the notice of cancellation provided, in relevant part:

5      Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may
       not be resubmitted. **However, a separate appeal can be filed on the cancellation**

6      **decision.** The original appeal may only be resubmitted if the appeal on the
       cancellation is granted.

7

8  ECF No. 1, Ex. 2 at 2 (emphasis added).  And other courts in this circuit have emphasized that an

9  inmate is required to avail himself of this opportunity in order to fully exhaust.  *See Wilson v.*

10 *Zubiate*, No. 14-cv-01032-VC, 2016 U.S. Dist. LEXIS 78951 at * 3 (N.D. Cal. June 8, 2016)

11 ("Under the applicable regulations, this was not the end of the line — instead, [plaintiff] had the

12 opportunity to (and was required to) appeal the cancellation.  See 15 CCR §§ 3084.6(e),

13 3084.7(c), 3084.1(b)."); *see also McCowan v. Hedricks*, No. C 13-3554 RS (PR), 2016 U.S. Dist.

14 LEXIS 78795 at *6 (N.D. Cal. June 16, 2016) ("Although a cancelled appeal may not be

15 submitted for further review, the inmate may separately appeal the cancellation. 15 CCR §

16 3084.6(e). A cancelled appeal does not exhaust administrative remedies. *Id*. § 3084.1(b).").  The

17 record before the court, however, is silent as to whether plaintiff availed himself of this option.

18 Crucially, the complaint contains no affirmative evidence of plaintiff's failure to pursue this

19 remedy.  Rather, defendant's reply suggests that the court should interpret plaintiff's silence on

20 this matter as tacit admission of that failure.  ECF No. 23 at 3.  Acceptance of this argument

21 would reverse the structure of burdens laid out in *Jones* and run contrary to its edict that failure to

22 exhaust under the PLRA is "an affirmative defense which the defendant must plead and prove."

23 *Jones*, 549 U.S. at 216.

24      In light of the foregoing, the court concludes that this is not one of those rare cases in

25 which failure to exhaust is apparent from the face of the complaint.  As the Ninth Circuit noted in

26 *Albino*, defendants will generally be required to "produce evidence proving failure to exhaust in

27 order to carry their burden" and, as such, a motion for summary judgment under Rule 56 is more

28 /////

likely to be the appropriate vehicle for demonstrating an inmate's failure to exhaust. 747 F.3d at 1166.

**IV.   Conclusion**

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (ECF No. 19) be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 8, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7